McGREGOR W. SCOTT
United States Attorney

WILLIAM SZE WONG (CASBN 85827)
Assistant United States Attorney
501 I Street, Suite 10-100
Telephone: (916) 554-2790
Facsimile: (916) 554-2899

GARTH HIRE (CASBN 187330)
Special Assistant United States Attorney
1301 Clay Street, Suite 340-S
Oakland, California 94612
Telephone: (510) 637-3929
Facsimile: (510) 637-3724
E-Mail:   Garth.Hire@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | CR. No. 2:06-CR-0163 EJG |
| ) | |
| Plaintiff,    ) | STIPULATION AND PROTECTIVE |
| ) | ORDER REGARDING CONFIDENTIAL |
| v.    ) | AND ATTORNEY'S EYES ONLY |
| ) | DISCOVERY |
| ALONZO BANKS,    ) | |
| ) | |
| Defendant.    ) | |
| _____) | |

        Plaintiff, by and through its attorney of record, the United

States Attorney for the Eastern District of California, and

defendant, by and through his attorney of record, Assistant Federal

Public Defender Jeffrey L. Staniels, hereby stipulate as follows:

        1.   On April 13, 2006, a federal grand jury indicted defendant

for possession with intent to distribute cocaine base and marijuana

in violation of Title 21, United States Code, Section 841(a)(1).

        2.   The indictment in this case was based on evidence

recovered during the execution of a state search warrant at a

residence in Sacramento, California.  Part of the affidavit in

1

support of that state search warrant was sealed by the state court because it contained information regarding two confidential reliable informants (hereinafter referred to as "CRI-1" and "CRI-2") working with local law enforcement.  The state court sealed that information in order to protect the identities and safety of the informants.

3.    On July 21, 2006, the government originally e-filed a stipulation and protective order designating that portion of the sealed affidavit dealing with CRI-1 as "Confidential Discovery" which could be shown to and discussed with, but not physically provided to, the defendant.  For some reason, that order was never signed.  The government now submits a revised stipulation and protective order that covers both: (1) the sealed portion of the search warrant affidavit relating to CRI-1 as "Confidential Discovery" and (2) a redacted version of the sealed portion of the search warrant affidavit relating to CRI-2 as "Attorney's Eyes Only" discovery which may not be shown to, discussed with, or provided to defendant.

4.    The purpose of the parties' stipulation and request for protective order is to allow defendant's counsel access to as much information as possible in order to file a motion to suppress while at the same time protecting the identity and safety of CRI-1 and CRI-2.

5.    The government has agreed to produce, subject to the requirements of this protective order, parts of the sealed portion of the affidavit relating to CRI-1 and CRI-2 to defendant's counsel because it believes that the informants will be in danger if defendant is able to determine the informants' identities from the discovery.

2

6.    The government believes that the proposed protective order
is necessary to prevent the sealed portion of the affidavit (and any
other related discovery materials that may be produced in the
future) from being disseminated among members of the public, the
prison population, and the defendant in this case, as well as
defendant's associates and family members.  Although the sealed
portion of the affidavit does not identify either confidential
informant by name, the government believes it is very likely that
defendant will be able to determine the informants' identities from
the context of the sealed portion of the affidavit.  The government
believes that the proposed protective order will greatly reduce the
possibility that individuals will misuse discovery materials to
identify, intimidate, and/or harm the confidential informants and/or
the informants' families.

7.    Defendant and his counsel deny that any person would be
endangered by defendant's knowledge or possession of any discovery
material in this matter.  The parties agree that no inference should
be drawn about defendant's dangerousness because of his agreement to
enter into this stipulation.

8.    The parties agree that the following conditions, if
ordered by the Court pursuant to Federal Rule of Criminal Procedure
16(d)(1), should serve the government's interest in protecting the
confidential informants and other members of the community and
reducing the risk of retribution taken against the confidential
informants and/or the informants' families by precluding the
circulation of the sealed portion of the affidavit throughout the
prison system and the community, while permitting the defense to
obtain most of the sealed portion of the affidavit in order to

1   support its motion to suppress the evidence in this case.

2   Accordingly, the parties jointly request that the Court order as

3   follows:

4           a.   For purposes of this Order, the term "Defense Team"

5   refers to: (1) the counsel of record (including paralegals and legal

6   assistants) for defendant; and (2) defense investigators assisting

7   defendant's counsel with this case.  Each member of the Defense Team

8   must provide the government with a letter indicating that they have

9   read this stipulation and agree to be bound by its terms.  For

10  purposes of this Order, the term "Defense Team" does not include

11  defendant.

12          b.   For purposes of this Order, the term "Defense

13  Counsel" refers to the counsel of record (including paralegals and

14  legal assistants) for defendant.  For purposes of this Order, the

15  term "Defense Counsel" does not include defendant or the defense

16  investigator.

17          c.   The government is authorized to provide the Defense

18  Team with parts of the sealed portion of the search warrant

19  affidavit in this case (and any other related materials that the

20  government may produce in the future) and may, in its discretion,

21  designate any discovery produced as "Confidential Discovery" to be

22  governed by the terms of this protective order.  The government may

23  designate discoverable documents, items, and materials relating to

24  confidential sources or other individuals who would be in danger if

25  their identities were known, as "Confidential Discovery" by marking

26  such discovery as "CONFIDENTIAL."

27          d.   The government is authorized to provide Defense

28  Counsel with parts of the sealed portion of the search warrant

4

affidavit in this case (and any other related materials that the
government may produce in the future) and may, in its discretion,
designate any discovery produced as "Attorney's Eyes Only Discovery"
to be governed by the terms of this protective order.  The
government may designate discoverable documents, items, and
materials relating to confidential sources or other individuals who
would be in danger if their identities were known, as "Attorney's
Eyes Only Discovery" by marking such discovery as "ATTORNEY ONLY."

   e.   The government shall produce such discovery in a
binder marked "WARNING: CONTENTS SUBJECT TO PROTECTIVE ORDER.
UNAUTHORIZED COPYING OR VIEWING IS SUBJECT TO PUNISHMENT AS CONTEMPT
OF COURT."

   f.   The Defense Team shall not permit anyone, <u>including
defendant</u>, to have physical possession of Confidential Discovery
pursuant to this Order other than the Defense Team.  The Defense
Team shall not divulge the contents of any Confidential Discovery
provided pursuant to this Order to anyone other than defendant.  A
Defense Team member may show Confidential Discovery to defendant in
the physical presence of a Defense Team member but may not permit
the defendant to have physical possession of the Confidential
Discovery.

   g.   Defense Counsel shall not show, share, discuss,
divulge, or provide Attorney's Eyes Only Discovery to anyone,
<u>including defendant and the defense investigator</u>.

   h.   The Defense Team and Defense Counsel shall not permit
Confidential Discovery and Attorney's Eyes Only Discovery provided
pursuant to this Order to be outside of the Defense Team's and/or
Defense Counsel's offices, homes, vehicles, or personal presence.

The Defense Team may take Confidential Discovery into a custodial facility to show it to defendant but, as explained above, the Defense Team must maintain physical possession of the Confidential Discovery and may not allow defendant to have physical possession of the Confidential Discovery.  Defense Counsel may not take Attorney's Eyes Only Discovery into a custodial facility nor may Defense Counsel show it to defendant or anyone else other than the Court and its staff.

i.   The Defense Team and Defense Counsel shall not reproduce or photocopy the Confidential Discovery and/or Attorney's Eyes Only Discovery unless that copy or reproduction is to be included in a court filing.  In the event defendant's counsel files a pleading that references or contains Confidential Discovery, Attorney's Eyes Only Discovery, and/or information therefrom, that filing must be made under seal.  Defendant may not be provided with a copy of such a filing.

j.   The Defense Team and Defense Counsel shall return all Confidential Discovery and Attorney's Eyes Only Discovery provided pursuant to this Order to the government fourteen calendar days after the following event: dismissal of all charges against defendant; defendant's acquittal by court or jury; expiration of time to file a notice of appeal from conviction and/or sentence; or the conclusion of any direct appeal, whichever occurs latest in time.  In the event that the Defense Team and/or Defense Counsel has made notes or marks on the Confidential Discovery and/or the Attorney's Eyes Only Discovery constituting work product, the Defense Team and/or Defense Counsel shall return the materials to the government in a sealed container labeled "WORK PRODUCT-DESTROY."

6

k.    In the event that defendant's counsel believes that a document or other item of discovery identified by the government as either Confidential Discovery or Attorney's Eyes Only Discovery covered by this protective order needs to be retained or possessed by defendant himself, defendant's counsel shall first meet and confer with the government in an effort to reach a stipulation and proposed order to exempt the item or document from the protective order.  If the government and defendant's counsel are unable to reach such an agreement then defendant's counsel may apply to this Court for relief from the protective order as to the document or item of discovery at issue.  This procedure is not intended to alter in any way the otherwise applicable law relating to the showing that must be made by any party seeking a protective order or relief therefrom.  Nothing in this stipulation precludes defendant's counsel from moving this Court to order the government to produce discovery relating to confidential informants that the government has not agreed to produce.

l.    After the conclusion of proceedings in the district court or any direct appeal in the above-captioned case, the government will maintain a copy of all Confidential Discovery and Attorney's Eyes Only Discovery produced in this case.  The government will maintain such documents until the time period for filing a motion pursuant to 28 U.S.C. § 2255 has expired.  After the

///
///
///
///
///

7

statutory time period for filing such a motion has expired, the

government may destroy the documents.

IT IS SO STIPULATED.

DATE: September 7, 2006                Respectfully submitted,

McGREGOR W. SCOTT
United States Attorney


/s/ Garth Hire[1]
WILLIAM S. WONG
GARTH HIRE
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA


/s/ Jeffrey L. Staniels
JEFFREY L. STANIELS
Assistant Federal Public Defender

Counsel for Defendant

### [PROPOSED] ORDER

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED:  The government is

hereby authorized, pursuant to Federal Rule of Criminal Procedure

16, to disclose discovery to the defense and may designate discovery

to be governed by this protective order as Confidential Discovery.

The parties are hereby ordered to comply with the conditions set

///

///

///

///

---

[1]  I hereby attest that I have on file all the holograph
signatures for any signatures indicated by a "conformed" signature
(/s/) within this e-filed document.

8

forth in paragraphs 8(a)-(l) of this stipulation and order pursuant
to Federal Rule of Criminal Procedure 16(d)(1).


DATED: September 7, 2006        /s/ Edward J. Garcia
                                HONORABLE EDWARD J. GARCIA
                                SENIOR UNITED STATES DISTRICT JUDGE